UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FIDEL PUGA, §<br>and all others similarly situated under §<br>29 U.S.C. § 216(b), §<br>Plaintiff, §<br>§<br>v. §<br>§<br>FOREVER POOLS, INC. §<br>d/b/a OUTDOOR LIVING POOL & PATIO §<br>and LANCE HILL §<br>Defendants. § | Cause No. |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, FIDEL PUGA, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants FOREVER POOLS, INC. d/b/a OUTDOOR LIVING POOL & PATIO and LANCE HILL and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Denton County, Texas at the time that this dispute arose.

3. The Defendant FOREVER POOLS, INC. d/b/a OUTDOOR LIVING POOL & PATIO is a company that regularly transacts business within the Northern District of Texas. Upon information and belief, FOREVER POOLS, INC. d/b/a OUTDOOR LIVING POOL & PATIO (the "Defendant Company") was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant LANCE HILL is a corporate officer and/or owner and/or manager of FOREVER POOLS, INC. d/b/a OUTDOOR LIVING POOL & PATIO who ran the day-to-day operations of FOREVER POOLS, INC. d/b/a OUTDOOR LIVING

POOL & PATIO for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Venue is proper in the Northern District of Texas because the Defendant Company regularly transacts business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff, FIDEL PUGA, worked for Defendants as a construction laborer, pool maintenance worker, and driver from on or about August 2014 through the present and ongoing.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant Company had gross sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 14 below, in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

12. Upon information and belief, the Defendant Company's sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 14 below, is expected to exceed $500,000 for the year 2017.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, Defendant FOREVER POOLS, INC. d/b/a OUTDOOR LIVING POOL & PATIO is part of a joint enterprise as defined by 29 U.S.C. § 203(r) together with Grill This BBQ Supply, LLC as the related activities between the businesses, performed through unified operation and/or common control, are being done for a common business purpose. Defendant LANCE HILL is identified as the President of both FOREVER POOLS, INC. d/b/a OUTDOOR LIVING POOL & PATIO and Grill This BBQ Supply, LLC, another individual, Danita Hill, is identified as the Secretary of both entities, and both entities share the same business address in the records of the Texas Secretary of State. Furthermore, FOREVER POOLS, INC. d/b/a OUTDOOR LIVING POOL & PATIO and Grill This BBQ Supply, LLC engage in coordinated advertisement and promotional efforts. The business of FOREVER POOLS, INC. d/b/a OUTDOOR LIVING POOL & PATIO and Grill This BBQ Supply, LLC is the construction, installation, and/or maintenance of grills, pools, and patios.

15. From on or about August 2014 through on or about December 31, 2014, Plaintiff, FIDEL PUGA, worked an average of 63 hours per week for which he was paid an average straight time rate of $12.00 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

16. From on or about January 1, 2015 through on or about December 31, 2015, Plaintiff, FIDEL PUGA, worked an average of 63 hours per week for which he was paid an average straight time rate of $13.50 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act.

Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

17. From on or about January 1, 2016 through on or about December 31, 2016, Plaintiff, FIDEL PUGA, worked an average of 63 hours per week for which he was paid an average straight time rate of $15.00 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

18. From on or about January 1, 2017 through on or about the present and ongoing, Plaintiff, FIDEL PUGA, worked an average of 52 hours per week for which he was paid an average straight time rate of $15.00 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

By: s/ Robert Manteuffel
J.H. Zidell, Esq.
Texas Bar No.: 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
Texas Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:   (972) 386-7610

**COUNSEL FOR PLAINTIFF**